## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| MITHUN BANERJEE ET AL., | * |
| Plaintiffs, | * |
|  | * |
| v. | * |
|  | Civil No. 21-1997-BAH |
| TIMOTHY S. RUEGER ET AL., | * |
| Defendants. | * |
|  | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER

Several motions are currently pending before the Court, including Defendants' motion for sanctions, ECF 103, as supplemented by ECF 104; Defendants' motion to strike Plaintiffs' second amended Rule 26(a)(2) disclosures, ECF 113; Defendants' second motion for sanctions, ECF 124; Plaintiffs' "emergency motion" for leave to file a surreply, ECF 128; and Plaintiffs' "emergency" motions "for reconsideration" and to "issue order to defense to compel plaintiffs discovery request and extend discovery deadline to do another deposition of the defendants after receiving discovery responses," ECFs 133 and 134. The Court has reviewed all relevant filings, including any responses and replies to the pending motions. Plaintiffs have also included a "motion for a hearing on the record" within several of their filings. See ECF 122 (response to Defendants' motion for sanctions and motion for hearing); ECF 125 (amended response to Defendants' motion for sanctions and motion for hearing); ECF 128 ("emergency motion" for leave to file a surreply and motion for hearing); ECF 136 (response to Defendants' second motion for sanctions and motion for hearing); ECF 137 (reply regarding Plaintiffs' motions for reconsideration and motion for

hearing). This memorandum and order also addresses status reports filed by the parties. ECF 142 (Defendants'); ECF 143 (Plaintiffs').

The Court concludes that all of the pending motions can be decided on the papers and that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). Plaintiffs' motions for a hearing at ECFs 122, 125, 128, 136, and 137 are therefore **DENIED**. For the reasons stated below, ECF 103 is **GRANTED in part**, ECF 113 is **GRANTED**, and ECF 124, ECF 128, ECF 133, and ECF 134 are **DENIED**.

## I.     <u>FIRST MOTION FOR SANCTIONS (ECF 103)</u>

Defendants' first motion for sanctions asserts that Plaintiffs have provided deficient responses to interrogatories and document requests. ECF 103. As a sanction, Defendants ask the Court to dismiss the action with prejudice or, alternatively, preclude Plaintiffs from presenting any evidence on the issue of damages. *Id.* at 4.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The scope of interrogatories is the same. *Vaziri v. Levindale Hosp./Life Bridge Health*, Civ. No. ELH-17-1553, 2019 WL 13398934, at *1 (D. Md. Aug. 5, 2019) ("Like all forms of discovery, interrogatories are limited to 'any matter, not privileged, that is relevant to the claim or defense of any party.'" (quoting Fed. R. Civ. P. 26(b)(1)).

Federal Rule of Civil Procedure 37 allows the Court to impose sanctions for discovery violations. "Rule 37(a)(4) requires complete and non-evasive discovery responses, answers (including answers to interrogatories and document production requests), and disclosures." *Mezu v. Morgan State Univ.*, 269 F.R.D. 565, 573 (D. Md. 2010). "Evasive or incomplete discovery responses, answers, or disclosures will be deemed to be a failure to respond, answer, or disclose." *Id.* With respect to interrogatories, Federal Rule of Civil Procedure 37(d) allows the Court to

2

order sanctions if a party, "after being properly served with interrogatories . . . fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(1)(A). A failure to act under this Rule "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order." Fed. R. Civ. P. 37(d)(2). Here, Plaintiffs did not file a motion for a protective order.

Potential sanctions for violation of Rule 37 may include:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
(iii) striking pleadings in whole or in part;
(iv) staying further proceedings until the order is obeyed;
(v) dismissing the action or proceeding in whole or in part; or
(vi) rendering a default judgment against the disobedient party.

Fed. R. Civ. P. 37(b)(2)(A); *see also* Fed. R. Civ. P. 37(d)(3) ("Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)–(vi).").

"The Fourth Circuit has developed a four-part test for a district court to use when determining what sanctions to impose under Rule 37." *Davis v. Walmart, Inc.*, Civ. No. TJS-24-2163, 2025 WL 2521196, at *2 (D. Md. Aug. 29, 2025) (quoting *Anderson v. Found. for Advancement, Educ. & Emp. of Am. Indians*, 155 F.3d 500, 504 (4th Cir. 1998)). "In determining an appropriate sanction, the court must consider '(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective.'" *Id.* (quoting the same). The sanction of dismissal is "reserved for 'the most flagrant case[s], where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules.'" *Id.* (quoting *Mut. Fed. Savs. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989)). "Courts in the Fourth Circuit generally

3

impose dispositive sanctions only after providing a 'clear and explicit' warning of the possibility of such a sanction to the noncompliant party." *Id.* (quoting *DeLoatch v. Baywood Hotels, Inc.,* Civ. No. JKB-18-3811, 2020 WL 7230758, at *2 (D. Md. Dec. 8, 2020)).

As background, Defendants originally propounded written discovery requests on Plaintiffs on November 5, 2025. ECF 103, at 1. On January 23, 2026, Defendants raised Plaintiffs' failure to respond to the requests, so the Court granted Plaintiffs an extension to respond by February 4, 2026. *See* ECF 100, at 6. Plaintiffs seemingly responded by the deadline, *see* ECF 103-4, but Defendants contend that the responses are insufficient. ECF 103, at 2. As such, Defendants request sanctions.

In response, Plaintiffs first argue that the motion for sanctions should be denied because Defendants failed to follow Judge Chuang's standing order at ECF 5 that required the parties to provide notice and seek a pre-motion conference before filing any motions. ECF 122, at 1–5. The Court vacated this standing order on February 17, 2026 given that it had "outlived its usefulness," and noted that "all parties have, on occasion, failed to provide the requisite notice of intent to file a motion." ECF 119, at 4 (providing examples of motions filed by both parties without giving the requisite notice). Although Defendants filed the first motion for sanctions before ECF 5 was vacated, the Court finds that failure to adhere to ECF 5 does not provide an adequate basis to dispose of the motion on its merits, especially given that it is now vacated.

Plaintiffs next argue that the motion for sanctions should be denied because Defendants did not follow the informal discovery dispute procedure docketed at ECF 39. ECF 122, at 5–7. Defendants concede that counsel did not meet and confer with Plaintiffs pursuant to ECF 39 but argue that 1) meeting and conferring with Plaintiffs has historically been futile, and 2) Defendants' motion to strike was not solely premised on a discovery dispute, but also violation of the Court's

4

order at ECF 100. ECF 123, at 2–3. Although the Court agrees with Plaintiffs that all parties would ideally adhere to the Court's informal discovery dispute procedure, failure to do so does not necessarily warrant disposing of the motion on its merits. *Cf. McNulty v. Casero*, Civ. No. SAG-16-2426, 2019 WL 5454900, at *4 (D. Md. Oct. 24, 2019) (explaining failure to comply with discovery dispute procedures "does not per se require dismissal of [a] motion to compel" discovery). Further, in the interest of judicial economy, the Court will not dispose of the motion on this basis, despite its strong preference for the parties to attempt resolution of discovery disputes prior to seeking Court intervention.

Next, Plaintiffs argue that the motions should be denied because Defendants also provided late responses to discovery, specifically responses to interrogatories that were served on December 18, 2025. ECF 122, at 7–8. But Defendants' late responses are not a basis to deny a motion for sanctions on *Plaintiffs*. The Court also notes that some delay was caused, at least in part, by Plaintiffs' failure to serve their discovery requests on all counsel of record. *See* ECF 97, at 1–2 (noting that Defendants' current counsel did not receive the discovery requests until December 23, 2025 because Plaintiffs served discovery requests only on Defendants' former counsel Stephanie Pankiewicz on December 18, 2025, despite allegedly knowing that Defendants had new counsel at that time).

Plaintiffs then argue that instead of imposing sanctions on Plaintiffs, the Court should sanction *Defendants* because Defendants filed as an exhibit a copy of Plaintiffs' second amended Rule 26(a)(2) disclosures allegedly in violation of the Health Insurance Portability and Accountability Act ("HIPAA") and the Privacy Act. ECF 125, at 12. As noted, Defendants' conduct is not a basis to deny a motion for sanctions on Plaintiffs. Furthermore, a passing reference in Plaintiffs' opposition is generally not the proper mechanism to move for sanctions. Outside of

a single sentence, Plaintiffs fail to provide any argument or legal support for their conclusory assertion that 1) Defendants' counsel violated HIPAA or the Privacy Act, or 2) doing so warrants sanctions. *See* ECF 125, at 12. The Court will not order sanctions on Defendants at this time.[1]

Last and most relevant to resolving the motion, Plaintiffs argue that their discovery responses *were* adequate. The Court analyzes the sufficiency of each category of allegedly deficient responses in turn.

## A.   Responses to Interrogatories

Defendants argue that Plaintiffs failed "to answer any Interrogatory past Interrogatory No. 4 based on the objection that the number of interrogatories, including subparts, exceeds the number of interrogatories permitted by the Federal Rules." ECF 103, at 2–3. Plaintiffs counter that they each provided answers to at least twenty-five interrogatory subparts through an amended answer. ECF 122, at 9; *see also* ECF 122-1. Plaintiffs also represent that they are "open to answer[ing] any additional Interrogatories" if the Court orders them to do so. ECF 122, at 9.

Federal Rule of Civil Procedure 33 provides that "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a)(1). "To determine whether interrogatory sub-parts should count as multiple interrogatories, courts generally look to whether the subparts are 'directed at eliciting details concerning the common theme' or instead whether they 'inquir[e] into discrete areas.'" *Layani v. Ouazana*, Civ. No. SAG-20-420, 2024 WL 3233999, at *2 (D. Md. June 28, 2024) (quoting *Mezu*, 269 F.R.D. at 572–73. "Put differently, most courts have followed what is sometimes referred to as the related question approach, meaning they look to whether subparts are logically or factually subsumed within and

---

[1] The Court also notes that, despite their arguments regarding privacy, Plaintiffs have regularly put personal health information on the record in this case. *See, e.g.*, ECF 49; ECF 54; ECF 84.

necessarily related to the primary question." *Id.* (internal quotation marks omitted) (quoting *Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*, 315 F.R.D. 191, 194–97 (E.D. Tex. 2016)); *see also Mezu*, 269 F.R.D. at 573 (explaining that a court considers whether "the first question is primary and subsequent questions are secondary to the primary question"). As noted, "[l]ike all forms of discovery, interrogatories are limited to 'any matter, not privileged, that is relevant to the claim or defense of any party.'" *Vaziri*, 2019 WL 13398934, at *1 (quoting Fed. R. Civ. P. 26(b)(1)).

The Court concludes that Plaintiffs' interrogatory responses are deficient. Purportedly applying Rule 33, Plaintiffs characterized each of Defendants' interrogatories as containing multiple subparts. *See* ECF 103-4, at 1–19. Plaintiffs were seemingly motivated to do so in response to Defendants' application of Rule 33 to Plaintiffs' interrogatories. *See* ECF 122, at 15 ("Plaintiff followed the Defense Method . . . where Defense Objected to Plaintiff's Discovery Requests based on Federal Rule 33(a)(1)."). The following is an example of an interrogatory that Plaintiffs claim contains seven subparts:

> INTERROGATORY NO. 2[]. Please describe in full detail how the alleged occurrence happened on August 10, 2018 giving all events in detail in the order in which they occurred(9), before(10), at the time of(11), or after the occurrence(12), which had any bearing on the cause and manner of the happening of the occurrence(13), and describe the physical proximity of each defendant to you during the alleged use of excessive force(14) and/or unlawful search (15).

ECF 103-4, at 4 (numbered parentheticals in original). However, this interrogatory does not contain any discrete subparts that should be separately counted under Rule 33. The items labeled as numbered subparts are not separate questions, nor could they reasonably be interpreted as such—they are instead all "directed at eliciting details" regarding the scope of the occurrence on August 10, 2018. *See Layani*, 2024 WL 3233999, at *2. Notably, Plaintiffs responded to the

interrogatory in one part, not seven subparts. ECF 103-4, at 5. Plaintiffs' argument that they were adhering to Rule 33 is thus unconvincing.

In contrast, the following is an example of an interrogatory that Defendants properly concluded contained four subparts:

> INTERROGATORY NO. 10 []: Why did you ask for ID or witnessed of asking ID of Plaintiff Mithun Banerjee when Plaintiff was inside his own house & do you know the Fourth Amendment Rights of US Citizens against illegal search & seizure & US Supreme Court's Decision that forbid you to search Plaintiff's Private Residence without any warrant & do you agree that you violated the US. Constitution & U.S. Supreme Court's Decision by asking ID from the Plaintiff & provide detailed justification of your response & entering Plaintiff's house & assaulting Plaintiff Mithun Banerjee or witnessed Plaintiff Mithun Banerjee's Assault & detained him or witnessed to detain Plaintiff Mithun Banerjee inside his own house when Plaintiff Mithun Banerjee asked you to leave his private residence & did you receive any consent from Plaintiffs Mithun Banerjee & Malancha Banerjee to enter the property?

ECF 122-2, at 6. Each of the four questions identified, and separately answered, by Defendants are distinct from one another. *Compare, e.g., id.* ("Why did you ask for ID . . . when Plaintiff was inside his own house[?]"), *with id.* ("[D]o you agree that you violated the US. Constitution[?]").

Plaintiffs also argue that sanctions are not warranted because they both submitted amended responses and "answered 11 questions asked in the First Set of Interrogatories along with 14 questions in the Second Set of Interrogatories."[2] ECF 122, at 9 (citing ECF 122-1). However, these responses are still insufficient. Beyond the twenty-five "subparts" that Plaintiffs responded to, Plaintiffs included nothing more than boilerplate responses to the remainder of the interrogatories. For example, Defendants propounded the following interrogatory:

> INTERROGATORY NO. 4. Please describe all damages, which you claim to have suffered as a result of the alleged occurrence, stating the parts of your body so affected, the severity of such injuries, ailments or pains, and how long each has

---

[2] As best the Court can tell, the two "sets" of interrogatories that Plaintiffs refer to are the separate interrogatories propounded on Malancha Banjeree and Mithun Banerjee, respectively. *See* ECF 103-1, at 1–4. It appears both Plaintiffs responded to both "sets" of interrogatories, and it is not clear based on Plaintiffs' responses to which Plaintiff each "set" of interrogatories was directed.

lasted. If as a result of the alleged occurrence you are claiming any present or permanent injuries, ailments or pains to you, please describe the same fully, stating their nature, extent and location. Attach to your answer any and all documents that support this contention.

ECF 122-1, at 6–7 (alterations omitted). Plaintiffs responded:

Plaintiff Mithun Banerjee is currently going through Therapy Sessions for PTSD & Letters from the Medical Providers were shared with the Defense under the Disclosures. If Defense oppose the Disclosures then they can still use the Verification of Treatment(VOT) Letters issued by the Medical Providers. Plaintiff Mithun Banerjee went through PTSD, Depression & Anxiety treatment around 2020/2021.

*Id.* at 7. Nearly identical responses are provided for several of the remaining interrogatories. *See id.* at 7–10. These "amended" responses are still insufficient because the answers are incomplete or evasive, and thus are deemed a failure to respond. *See Mezu*, 269 F.R.D. at 573 ("Evasive or incomplete discovery responses, answers, or disclosures will be deemed to be a failure to respond, answer, or disclose.").

### B.    Responses to Document Requests

Defendants also assert that Plaintiffs have "failed to provide any documents to support their claim for damages" including any "medical or psychological records for treatment of alleged injuries suffered." *Id.* at 3. Plaintiffs' medical and psychological records are relevant to the case as they pertain to Plaintiffs' claim for damages. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ."); *see also, e.g.*, 103-4, at 7 (alleging "[p]laintiff Mithun Banerjee was treated for PTSD, Depression, & Anxiety" as a result of the alleged assault).

Plaintiffs first argue that they have adequately responded to Defendants' request for documents by producing "Verification of Treatment Letters." ECF 122, at 9. These "letters," which are included in Plaintiffs' Rule 26(a)(2) disclosures, are nothing more than seven screenshots that show a patient, sometimes identified as Mithun Banerjee and sometimes not, has

9

received medical and mental health treatment from various providers. *See* 104-1, at 5–8. Providing seven screenshots is not a sufficient response to a request for medical records. *Cf. Wright v. James City Cnty.*, No. 4:12CV153, 2014 WL 1056693, at *3 (E.D. Va. Mar. 18, 2014) (imposing sanction of dismissal where, among other things, the plaintiff refused to produce complete medical records, and instead only provided "selective medical information Plaintiff chose to release"), *aff'd*, 589 F. App'x 186 (4th Cir. 2015).

Plaintiffs also argue that their treatment records are privileged and that they will only produce additional documents pursuant to a Court order. ECF 122, at 10 ("Patient & Doctors Treatments are Privileged matters which is Protected in Discovery."). "When a party withholds information otherwise discoverable by claiming that the information is privileged . . . the party must . . . expressly make the claim; and . . . describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5). This burden is typically met through production of a privilege log. *See Rowley v. City of N. Myrtle Beach*, No. CV 4:07-1636-TLW-TER, 2008 WL 11348728, at *6 (D.S.C. May 30, 2008) ("[M]any courts read Rule 26(b)(5)(A) to require a party asserting a privilege to produce a privilege log describing the documents withheld . . . ."). Any "objections to discovery based on claims of privilege must be made with specificity." *Adams v. Sharfstein*, Civ. No. CCB-11-3755, 2012 WL 2992172, at *3 (D. Md. July 19, 2012); *see also Richardson v. Sexual Assault/Spouse Abuse Rsch. Ctr., Inc.*, 270 F.R.D. 223, 228 (D. Md. 2010) (explaining that "generalized claims of privilege are insufficient" and that "[t]he required specificity can be accomplished by providing a privilege log" that outlines the specifics of each purportedly privileged document). Plaintiffs have failed to produce a privilege log or assert any privilege with specificity.

10

To the extent Plaintiffs attempt to invoke either a psychotherapist-patient privilege or physician-patient privilege, those attempts would fail. "While federal law recognizes a psychotherapist-patient privilege, . . . it does not recognize a physician-patient privilege where, as here, 'subject matter jurisdiction is based on federal law.'" *Adams*, 2012 WL 2992172, at *3 (first citing *Richardson v. Sexual Assault/Spouse Abuse Resource Ctr., Inc.*, 764 F. Supp. 2d 736, 739–41 (D. Md. 2011); and then citing *Helsabeck v. Fabyanic*, 173 F. App'x 251, 257 (4th Cir. 2006)). The psychotherapist-patient privilege provides that "confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence." *Richardson*, 764 F. Supp. 2d at 739 (quoting *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996)). However. "[t]he privilege is impliedly waived by the patient when the interests of fairness require waiver, such as 'when a plaintiff puts his or her mental condition at issue in the case.'" *Id.* (quoting *Jacobs v. Conn. Cmty. Tech. Colls.*, 258 F.R.D. 192, 195 (D. Conn. 2009)).

Here, Plaintiffs bring a claim pursuant to 42 U.S.C. § 1983 and seek damages based on Plaintiff Mithun Banerjee's Post-Traumatic Stress Disorder ("PTSD"), depression, anxiety, and physical injury, all allegedly caused by an assault during a call for service to Plaintiffs' residence. *See, e.g.*, ECF 103-4, at 7 ("Plaintiff Mithun Banerjee was treated for PTSD, Depression & Anxiety & also currently going through PTSD. Plaintiff was never treated in decade for PTSD before Plaintiff Mithun Banerjee was assaulted."); *see also* ECF 104-1, at 5–8 (proposing that several of Mithun Banerjee's treating psychiatrists, psychologists, and doctors will provide testimony regarding his medical and mental health treatment). As subject matter jurisdiction in this case is based on federal law, Plaintiffs may not invoke physician-patient privilege regarding Mithun Banerjee's treatment records. *Adams*, 2012 WL 2992172, at *3 (finding an assertion of privilege

11

based on physician-patient privilege under federal law to be "without merit"). Moreover, Plaintiffs have waived any privilege as to psychological records because they seek to rely "upon the therapist's diagnosis or treatment in making" their case. *Swindell v. Charlotte Mecklenburg Bd. of Educ.*, No. 3:21-CV-00676-FDW-SCR, 2024 WL 4127925, at *1 (W.D.N.C. Sept. 9, 2024) (emphasis omitted) (citing *Koch v. Cox*, 489 F.3d 384 (D.C. Cir. 2007)). For all these reasons, Plaintiffs' privilege arguments fail.

## C.   Sanctions

Having determined that Plaintiffs have failed to live up to their discovery obligations, the Court turns to the appropriate sanction. Defendants request the Court dismiss the action with prejudice or preclude Plaintiffs from presenting any evidence on the issue of damages. ECF 103, at 4. As noted, to determine the appropriate sanction, "the court must consider '(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective.'" *Davis*, 2025 WL 2521196, at *2 (quoting *Anderson*, 155 F.3d at 504).

The evidence suggests that Plaintiffs have acted in bad faith by withholding discovery. Plaintiffs initially failed to provide *any* responses whatsoever to written discovery until the Court ordered them to do so. *See* ECF 100, at 2. When Plaintiffs finally did respond to discovery, they provided incomplete and evasive responses as outlined above. That Plaintiffs provided only seven screenshots of treatment records in response to document requests further demonstrates Plaintiffs' evasiveness. "Because of the importance of discovery to any litigation, the need to deter of this kind of conduct is great." *Burgess v. Costco Wholesale Corp.*, No. CIV.A. 4:10-1678-RBH, 2012

12

WL 315638, at *3 (D.S.C. Jan. 31, 2012). "A defendant cannot be expected to defend a case where the person bringing the action refuses to participate in the discovery process." *Id.*

Plaintiffs seem to propose that the appropriate sanction is to order them to provide fulsome responses to interrogatories and document requests. ECF 122, at 9 ("Plaintiffs are open to answer[ing] any additional Interrogatories if Court Ordered."), at 10 ("If Court Orders Plaintiffs to release additional documents . . . then Plaintiffs can follow the Order."). However, Defendants do not seek to compel discovery, they seek punishment for Plaintiffs' failure to comply with the relevant discovery rules.

First, the Court concludes the ultimate sanction of dismissal is not warranted at this time, as Plaintiffs have not yet received a "'clear and explicit' warning of the possibility of such a sanction" for violations of discovery. *Davis*, 2025 WL 2521196, at *2. Moreover, the proposed alternative sanction of preventing Plaintiffs from putting forth *any* evidence in support of their claim for damages would be outcome determinative and result in dismissal, so it is likewise inappropriate. *See e.g.*, *Bizprolink, LLC v. Am. Online, Inc.*, 140 F. App'x 459, 461 (4th Cir. 2005) (reversing the district court's sanction barring plaintiff from producing any evidence to support its damages claim and subsequently dismissing the case because plaintiff could not prevail if it could not show damages). Accordingly, the Court concludes that the appropriate sanction is to limit the evidence that Plaintiffs may rely upon. Plaintiffs' trial evidence will be limited to the current record and Plaintiffs will be forced to "live with any evidentiary deficiencies going forward." *Bizprolink, LLC*, 140 F. App'x at 463 (concluding that a "less drastic trial evidence limitation sanction" was appropriate and preferable to the dismissal sanction imposed by the district court). Accordingly, Defendants' first motion for sanctions is GRANTED in part and Plaintiffs' trial evidence on damages will be limited to the current record.

13

## II.   MOTION FOR LEAVE TO FILE A SURREPLY (ECF 128)

Plaintiffs filed an "emergency motion" for leave to file a surreply. *See* ECF 128. Surreplies are generally disfavored under the Local Rules of this Court. *See* Loc. R. 105.2(a) (D. Md. 2025) ("Unless otherwise ordered by the Court, surreply memoranda are not permitted to be filed."); *see also Roach v. Navient Sols., Inc.*, 165 F. Supp. 3d 343, 351 (D. Md. 2015). Surreplies may only be permitted "when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Khoury v. Meserve*, 268 F. Supp. 2d 600, 605 (D. Md. 2003), *aff'd*, 85 Fed. App'x 960 (4th Cir. 2004).

The Court first notes that like previous "emergency" motions filed by Plaintiffs, this motion does not present an actual emergency. *See* ECF 119, at 6. Plaintiffs are reminded that they should title motions as "emergency" only when such motions are actually time sensitive. Turning to the motion's substance, Plaintiffs argue that a surreply is needed because Defendants "knowingly submitted Plaintiffs Medical Records without redactions." ECF 128, at 2. The medical records that Plaintiffs reference are contained in their second amended Rule 26(a)(2) disclosures, which Defendants filed on February 6, 2026 as a supplement to their first motion for sanctions. *See* ECF 104-1. But Plaintiffs filed their response in opposition to the motion for sanctions on February 19, 2026, *see* ECF 122, and could have responded to Defendants' supplement at that time. Moreover, there were no new matters raised for the first time in Defendants' reply such that a surreply would be warranted. *See* ECF 123. Accordingly, Plaintiffs' motion for leave to file a surreply is DENIED. Plaintiffs are also forewarned that continued filing of purportedly "emergency" motions that do not involve exigent circumstances may result in sanctions.

## III.   MOTION TO STRIKE (ECF 113)

Defendants also move to strike Plaintiffs' expert designations on the basis that they are insufficient under Rule 26(a)(2). ECF 113. Federal Rule of Civil Procedure 26(a)(2) requires a

litigant to disclose the identity of any expert witness they may use at trial along with "the subject matter on which the witness is expected to present evidence" as well as "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C).

As background, Plaintiffs filed a Rule 26(a)(2) disclosure on the deadline of November 5, 2025. ECF 81. Defendants filed a motion to strike for insufficiency. ECF 81. On November 17, 2025, Plaintiffs filed an amended Rule 26(a)(2) disclosure. ECF 85-1. Defendants filed another motion to strike directed at the amended disclosures. ECF 86. The Court granted the motions to strike because the "expert designations fail[ed] to comport with the basic requirements of Rule 26(a)(2) as [Plaintiffs] fail[ed] to provide a written report for each proposed expert including, at minimum, 'a complete statement of all opinions the witness will express and the basis and reasons for them' and 'the facts or data considered by the witness in forming them.'" ECF 100, at 3 (quoting Fed. R. Civ. P. 26(a)(2)(B)(i)). Now, Plaintiffs have submitted to Defendants a second amended Rule 26(a)(2) disclosure, which is insufficient for the same reasons the two prior versions were.

First, as Defendants point out, the second amended Rule 26(a)(2) disclosures are untimely as they were originally due on November 5, 2025, and Plaintiffs did not seek an extension of the deadline with respect to the Rule 26(a)(2) disclosures at any time during this litigation, including after the Court's order striking the original disclosures. *See* ECF 100, at 1 (extending the discovery deadline solely for the purpose of taking depositions). Second, the second amended Rule 26(a)(2) disclosures are insufficient because they "fail to comport with the basic requirements of Rule 26(a)(2)." *Id.* at 3. The second amended expert designations provide slightly more information than the previous versions, for example, by identifying the names of certain doctors and providing a brief description of the subject matter that each expert witness would testify on. *Compare id.*

("One expert or group of experts is completely unidentified."), *with* ECF 113-1, at 2–9 (identifying the names of twelve expert witnesses). But just as the previous two expert designations, Plaintiffs do not provide a written report from each proposed expert as required by Rule 26(a)(2)(B). Accordingly, the disclosures are again inadequate, so the Court turns to the appropriate sanction.

"Rule 37(c)(1) provides that 'if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.'" *Hatami v. Hatami*, Civ. No. WDQ-14-4004, 2015 WL 4509815, at *3 (D. Md. July 24, 2015) (quoting Fed. R. Civ. P. 37(c)(1)). "It is the burden of the party facing sanctions to show that the failure to comply was either substantially justified or harmless." *Id.* (citing *Carr v. Deeds*, 453 F.3d 593, 602 (4th Cir. 2006)). To determine whether there was substantial justification for a failure to disclose, courts may consider "(1) the importance of the excluded testimony; (2) the explanation of the party for its failure to comply with the required disclosure; (3) the potential prejudice that would arise from allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Sullivan v. Glock, Inc.*, 175 F.R.D. 497, 506–07 (D. Md. 1997).

Here, Plaintiffs fail to show that their third failure to comply with Rule 26(a) is substantially justified or harmless. They neither address the importance of the excluded testimony, nor explain their failure to provide the required disclosures. Instead, Plaintiffs point to their recycled procedural arguments regarding Defendants' failure to comply with the standing order at ECF 5 and the discovery order. ECF 127, at 4–9. Plaintiffs even go so far as to suggest that the Court extended the deadline for Rule 26(a)(2) disclosures in its prior order. *See* 127, at 10 ("Plaintiffs followed the Judge's Order & answered within the deadline of February 4[], 2026 the Experts of

16

Plaintiffs."). The Court did not. *See* ECF 100, at 1 (extending the discovery deadline for the purpose of taking depositions and for Plaintiffs to provide responses to written discovery requests); ECF 102, at 1 (repeating that ECF 100 extended the discovery deadline "for the sole purpose of completing the depositions of the parties"). As the Court has previously explained, "[t]his matter has been pending since August of 2021, *see* ECF 1, and [Plaintiffs] ha[ve] had ample time to properly disclose [their] experts. [They] ha[ve] failed to do so[.]" ECF 100, at 5. Defendants' motion to strike is thus GRANTED.

## IV.   SECOND MOTION FOR SANCTIONS (ECF 124)

Defendants also move for sanctions under Federal Rule of Civil Procedure 11, for Plaintiffs' repeated filing of interlocutory appeals of non-appealable orders. ECF 124. "[T]he central purpose of Rule 11 is to deter baseless filings in district court and thus . . . streamline the administration and procedure of the federal courts." *Hobbs v. Martin*, Civ. No. JKB-16-749, 2017 WL 105675, at *5 (D. Md. Jan. 11, 2017) (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990)). It provides, in pertinent part, that "[b]y presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information and belief . . . it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1).

But "Rule 11, and all other rules of the Federal Rules of Civil Procedure, 'govern the procedure in the United States *district courts*.'" *Webster v. Sowders*, 846 F.2d 1032, 1040 (6th Cir. 1988) (emphasis in original) (quoting Fed. R. Civ. P. 1). "The rule thus applies to 'every pleading, motion, and other paper' signed and filed in the district courts, but not ordinarily to those filed in the courts of appeals." *Id.* "On appeal, a litigant's conduct is governed by Federal Rule of Appellate Procedure 38." *CarMax Auto Superstores, Inc. v. Sibley*, Civ. No. RWT-16-01459,

17

2018 WL 4732974, at \*3 (D. Md. Oct. 2, 2018)·*aff'd in part, vacated in part on other grounds,* *remanded*, 767 F. App'x 462 (4th Cir. 2019). Rule 38 provides that "[i]f a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Fed. R. App. P. 38. "[T]he basic rule in the majority of courts of appeals is that '[t]he determination of the right to sanctions . . . for conduct during an appeal is reserved to the appellate court, although it may allow the trial court to fix the amount of the fees and costs.'" *Sibley*, 2018 WL 4732974, at \*3 (quoting *Williamson v. Kay (In re Villa West Assocs.)*, 146 F.3d 798, 808 (10th Cir. 1998)); *see also Boggs v. United States*, 829 F. App'x 610, 610 (4th Cir. 2020) ("Under Fed. R. App. P. 38, [the Fourth Circuit is] authorized to impose sanctions for the filing of a frivolous appeal."). "Undergirding this idea 'is a concern that the district court oversteps its bounds when it sanctions conduct before the appellate court that the appellate court itself has the authority to sanction under the appellate rules.'" *Id.* (quoting *Manion v. Am. Airlines, Inc.*, 395 F.3d 428, 433 (D.C. Cir. 2004)).

Here, Defendants do not cite to any case law in support of its argument that Federal Rule of Civil Procedure 11 vests the district court with jurisdiction to sanction conduct before the appellate court. Although the notice of appeal is filed in the district court, deeming the filing of the appeal as frivolous and imposing sanctions for that conduct is outside this Court's bounds. Accordingly, Defendants' second motion for sanctions is DENIED.

## V.    **MOTIONS FOR RECONSIDERATION (ECF 133 & ECF 134)**

Plaintiffs have also filed two "emergency" motions for reconsideration, to compel discovery responses, and to extend discovery deadlines.[3] ECF 133; ECF 134. The motions are

---

[3] As with ECF 128, there is no indication that the motions pertain to any actual emergency.

18

identical, except that ECF 134 includes an additional exhibit, *see* ECF 134-4, so the Court will analyze them together. The motions do not identify the order which Plaintiffs seek reconsideration of, but Plaintiffs' reply references an order entered on February 17, 2026 which corresponds with ECF 119. ECF 137, at 1. That order denied several motions, including three of Plaintiffs' motions for reconsideration at ECF 108, ECF 109, and ECF 110.

Federal Rule of Civil Procedure 54(b) governs reconsideration of orders that do not constitute final judgments in a case. This rule provides "flexibility to revise interlocutory orders before final judgment as the litigation develops and new facts or arguments come to light." *Carlson v. Bos. Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017). However, "a court may revise an interlocutory order under the same circumstances in which it may depart from the law of the case: (1) 'a subsequent trial produc[ing] substantially different evidence'; (2) a change in applicable law; or (3) clear error causing 'manifest injustice.'" *Id.* (quoting *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003)). A motion to reconsider "is not an invitation 'to rehash old arguments already considered and rejected by the trial court." *Chavez-Deremer v. Med. Staffing of Am., LLC*, 147 F.4th 371, 414 (4th Cir. 2025) (quoting *Nat'l Metal Finishing Co. v. BarclaysAmerican/Comm., Inc.*, 899 F.2d 119, 123 (1st Cir. 1990)). Indeed, the Fourth Circuit recently cautioned "that Rule 54(b) requires that a challenged decision be so 'dead wrong' that it 'strike[s] us as wrong with the force of a five-week-old, unrefrigerated dead fish.'" *Id.* (citing *U.S. Tobacco Coop. Inc. v. Big S. Wholesale of Va., LLC*, 899 F.3d 236, 258 (4th Cir. 2018)).

As with their previous motions for reconsideration, "Plaintiffs point to no change in applicable law or clear error that would warrant reconsideration of the challenged orders." ECF 119, at 4. Instead, Plaintiffs primarily vent their dissatisfaction with certain aspects of the ruling, including the Court determining that Plaintiffs' health issues did not provide an adequate basis for

19

reconsideration and noting that Plaintiff Malancha Banerjee consented to receive electronic notice of filings. ECF 134, at 13–16. None of these perceived grievances come close to satisfying the high bar for reconsideration of the Court's order.

With respect to Plaintiffs' motion to compel discovery and extend discovery deadlines to take depositions, Plaintiffs argue that Defendants "failed to provide all Documents Requested by Plaintiffs." ECF 134, at 10. Plaintiffs request that the Court compel Defendants to respond to the discovery request and extend the discovery deadlines for purpose of taking Defendants' depositions again. *Id.* at 16. Defendants counter that "Plaintiffs fail to identify how [the document production is] deficient and what relevant documents Defendants allegedly withheld." ECF 135, at 4.

"Federal Rule of Civil Procedure 37 provides that when a party fails to respond to discovery, the party seeking discovery can move for an order compelling production." *Goldstein v. Hindle*, Civ. No. CJC-21-3124, 2025 WL 1928048, at *1 (D. Md. July 14, 2025) (citing Fed. R. Civ. P. 37(a)(3)(B)). "When addressing a motion to compel discovery, the trial court holds broad discretion." *Id.* (citing *LaRouche v. Nat'l Broadcasting Co., Inc.*, 780 F.2d 1134, 1139 (4th Cir. 1986)). In general, "[a] motion to compel must be timely made, specifically, before the end of discovery as set by the schedule governing that case." *Saphilom v. Nationwide Mut. Ins. Co.*, Civ. No. JKB-18-1180, 2020 WL 13815581, at *1 (D. Md. Jan. 22, 2020); *see also Crete Carrier Corp. v. Sullivan & Sons, Inc.*, Civ. No. ELH-21-0328, 2022 WL 1203652, at *21 (D. Md. Apr. 21, 2022) ("In assessing the timeliness of a motion to compel compliance with a request for discovery, 'courts generally look[ ] to the deadline for completion of discovery . . . .'" (quoting *Days Inn Worldwide, Inc. v. Sonia Invests.*, 237 F.R.D. 395, 396–97 (N.D. Tex. 2006)).

20

The discovery deadline for Defendants was January 20, 2026, *see* ECF 71, at 5, and Plaintiffs did not file the instant motions to compel until March 3 and 4, 2026. *See* ECF 133; ECF 134. Accordingly, the motion to compel will be denied as untimely. Plaintiffs' renewed request to *again* extend the discovery deadlines is also denied. Discovery has closed, the parties have taken all depositions, *see* ECF 142, and the Court will not countenance further delay in this action that has been pending since 2021.

## VI.   STATUS REPORTS (ECF 142; ECF 143)

Defendants filed a status report indicating that discovery is complete, all depositions have been taken, and Defendants do not intend to file a dispositive motion. ECF 142, at 1. Plaintiffs also indicate in their status report they are prepared to proceed to trial. ECF 143, at 1. As such, the Court will proceed to scheduling a trial date. To accommodate Plaintiffs, the trial will be held at the U.S. District Court in Greenbelt, Maryland.

## VII.   CONCLUSION

For these reasons, it is this 21st day of April, 2026, by the United States District Court for the District of Maryland, hereby ORDERED that:

1) Defendants' motion for sanctions, ECF 103, is GRANTED in part, and Plaintiffs' trial evidence on damages will be limited to the current record;

2) Defendants' motion to strike, ECF 113, is GRANTED;

3) Defendants' second motion for sanctions, ECF 124, is DENIED;

4) Plaintiffs' emergency motion for leave to file a surreply and for a hearing, ECF 128, is DENIED;

5) Plaintiffs' emergency motions for reconsideration, ECFs 133 and 134, are DENIED;

6) Plaintiffs' various motions for a hearing, ECFs 122, 125, 136, and 137, are DENIED; and

21

7) The Court will issue a separate order addressing the trial.


Dated: <u>April 21, 2026</u>                                             <u>                    /s/                    </u>
                                                             Brendan A. Hurson
                                                             United States District Judge